UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD W. JORDAN** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| | **JUDGE** |
| **TRISURA SPECIALTY INSURANCE COMPANY; FREIGHT HAWGZ TRANSPORT LLC; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; AND MACKENIEZE D. REAGEN** | **MAGISTRATE** |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, Trisura Specialty Insurance Company, Freight Hawgz Transport, LLC, and Mackenieze D. Reagan (collectively, "Defendants"), who file this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the docket of the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, to the docket of this Honorable Court.

I.

On or about March 8, 2021, Plaintiff, Donald W. Jordan, filed a personal injury lawsuit against Trisura Specialty Insurance Company, Freight Hawgz Transport, LLC, Mackenieze D. Reagan, and State Farm Mutual Automobile Insurance Company in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, Docket Number 1047307, Division C, entitled, "Donald W. Jordan versus Trisura Specialty Insurance Company; Freight Hawgz Transport LLC; State Farm Mutual Automobile Insurance Company; and Mackenieze D. Reagan," (A copy of the Petition for Damages is attached hereto as Exhibit "A"). The lawsuit arises from an

automobile accident, which occurred on or about March 29, 2021 in West Baton Rouge Parish, Louisiana.

**I.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURUSANT TO 28 U.S.C. § 1332.**

II.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states…."

**A.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

III.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 of (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002)(quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

IV.

Plaintiff, Donald Jordan, alleges that he sustained severe personal injuries and is seeking damages including medical expenses, physical pain and suffering, mental pain and anguish, permanent physical disability, permanent physical disfigurement, loss of enjoyment of life, and loss of earning capacity. (See Exhibit A, at ¶ 8 and 13).

V.

Plaintiff has not stipulated and the Petition for Damages does not aver that Plaintiff's cause of action does not exceed $75,000, exclusive of interest and costs, as required by La. C.C.P. art. 893, nor has he averred or offered a binding stipulation that he affirmatively renounces the right to accept a judgment in excess of $75,000, as would be required pursuant to *Davis v. State Farm*, no. 06-560, slip op. (E.D. La June 7, 2006)(Vance J.) and *Kaplan v. Prime Demolition & Disposal, LLC et. al.*, No. 08-4714, slip op. (E.D. La. Dec. 18, 2008)(Africk J.)

VI.

On April 26, 2022, counsel for Defendants requested that Plaintiff execute a binding and irrevocable stipulation that the total amount damages claimed by him in connection with the above-referenced lawsuit does not exceed the sum or value of $75,000, exclusive of interests and costs, in order to preclude removal to this court. (Attached as Exhibit "B"). Counsel for Plaintiff responded by phone and indicated that he would not be willing to sign the stipulation in light of his medical records. Plaintiff's refusal to stipulate constitutes further evidence that the amount in controversy is in excess of the requisite amount for federal court diversity jurisdiction. *See, e.g., Simpson v. Dollar Tree Stores, Inc.* No. 15-2107 (W.D. La. 9/21/15); *Lee v. Dillon*, 2012 WL 3263882, *3 (W.D. La. 2012); *Broadway v. Wal-Mart Stores, Inc.* 2000 WL 1560167, *2 (E.D. La. 2000); *Reid v. Delta Gas, Inc.*, 837 F. Supp. 751, 752 (M.D. La. 1993).

VII.

On May 13, 2022, Plaintiff's counsel provided certain medical records and bills to Defendants for the first-time concerning Plaintiff's post-accident medical treatment. (Attached as Exhibit "C").

VIII.

Plaintiff's medical records reveal that Jordan sought treatment at Lane Regional Medical Center on March 30, 2021, the day after the subject accident. MRI images were obtained of Jordan's cervical spine on April 1, 2021 at Central Imaging Center, which were interpreted by Dr. Mark Woody. (Attached as Exhibit "D"). Dr. Woody's impression was that the images demonstrated disc narrowing and bulges at C5-6 and C6-7; and uncinate arthropathy narrowing the neural foramina, mild on the right at C3-4, and severe bilaterally at C5-6 and C6-7. *Id.* On May 14, 2021, Dr. Eric Oberlander at The NeuroMedical Center Clinic indicated that Jordan may be a candidate for an Anterior Cervical Discectomy and Fusion ("ACDF") at C5-7. (Attached as Exhibit "E"). Thereafter, Jordan underwent approximately 27 physical therapy sessions at Moreau Physical Therapy from June 30, 2021 to November 23, 2021, and approximately 55 chiropractic sessions at Total Care Injury & Pain Centers from November 30, 2021 to May 5, 2022. (See Jordan's medical bills attached hereto, *in globo*, as Exhibit "F"). Plaintiff has also sought treatment at Ochsner Medical Center and Plaquemine Chiropractic Clinic. *Id*. Upon information and belief, Plaintiff continues to treat for his alleged injuries.

IX.

Upon information and belief, to date, Jordan has incurred medical expenses totaling $19,501.62 itemized as: $281.00 from Lane Regional Medical Center; $2,000.00 from Central Imaging Center; $776.00 from The NeuroMedical Center Clinic; $4,350.97 from Moreau Physical Therapy; $330.00 from Plaquemine Chiropractic Clinic; $2,583.65 from Ochsner Medical Center; and $9,180.00 from Total Care Injury and Pain Centers. *See* Exhibit F.

X.

Spine injuries vary by severity, though they often exceed $75,000.00 *See, e.g. Smith v. Goetzman*, 720 So.2d 39 (La. Ap. 1 Cir. 1998) (automobile accident causes moderate disc bulge and depression, ongoing treatment, $80,000 general damage award); *Keller v. City of Plaquemine*, 700 So.2d 1285 (La. App. 1 Cir. 9/23/97) (disc herniation, persistent pain, surgery unlikely, $125,000 award); *Hoyt v. Gray Insurance Company*, 809 So.2d 1076 (La. App. 4 Cir. 2002) (mild lumbar disc herniation, thoracic spine soft tissue injury, $150,000 general damage award).

XI.

When considering the potential general damages award and Plaintiff's past medical expenses in the amount $19,501.62, Defendants have conclusively established that the total amount in controversy in this matter exceeds $75,000, exclusive of interests and legal costs.

**B.    COMPLETE DIVERSITY EXISTS**

XII.

Defendant, Mackenieze D. Reagan, is a person of the full age of majority and is domiciled in the State of Texas, and therefore is a citizen of the State of Texas for purposes of diversity.

XIII.

Defendant, Freight Hawgz Transport, LLC, is a Texas limited liability company with one owner/member, Nikisha Reagan, who is a person of the full age of majority and domiciled in the State of Texas. Therefore, Freight Hawgz Transport, LLC is a citizen of the State of Texas for purposes of diversity.

XIV.

Defendant, Trisura Specialty Insurance Company, is a foreign insurance company that was incorporated in the State of Oklahoma and has its principal place of business in the State of

Oklahoma. Therefore, Trisura Specialty Insurance Company is a citizen of the State of Oklajoma for purposes of diversity.

XV.

Defendant, State Farm Mutual Automobile Insurance Company, is a foreign insurance company that was incorporated in the State of Illinois and has its principal place of business in the State of Illinois. Therefore, State Farm Mutual Automobile Insurance Company is a citizen of the State of Illinois for purposes of diversity.

XVI.

Based on the information in the introductory paragraph of the Petition for Damages, Plaintiff, Donald W. Jordan, is a person of the full age of majority domiciled in the State of Louisiana, and therefore is a citizen of the State of Louisiana for purposes of diversity.

XVII.

There is complete diversity between the Plaintiff and Defendants. As of the date of filing of this Notice of Removal, Plaintiff has not named any other parties as Defendants.

II.  **DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

XVIII.

The Notice of Removal was properly filed within thirty (30) days of Defendants receipt of a paper from which they could first ascertain that the case is removable, namely the May 13, 2022 production of Plaintiff's medical records from his counsel. 28 U.S.C. § 1446(b)(3); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69 (1996).

XIX.

Defendant, Mackenieze D. Reagan, was served via the Louisiana Long Arm Statute through certified mail on or about March 28, 2022.

XX.

Defendant, Freight Hawgz Transport, LLC, was served via the Louisiana Long Arm Statute through certified mail delivered to its registered agent on or about March 28, 2022.

XXI.

Defendant, Trisura Specialty Insurance Company, was served through the Louisiana Secretary of State on or about April 14, 2022.

XXII.

Defendant, State Farm Mutual Automobile Insurance Company, was served through the Louisiana Secretary of State on or about April 12, 2022.

XXIII.

Counsel for State Farm Mutual Automobile Insurance Company has informed undersigned counsel that State Farm Mutual Automobile Insurance Company consents to this removal. (Exhibit G attached hereto).

XXIV.

There is no other party needed to consent to the removal of this case.

XXV.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 (a) and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441; this is a civil action wherein the plaintiff's alleged damages exceed the sum of $75,000.00, exclusive of interest and costs, and the Plaintiff is diverse from the Defendants.

XXVI.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate Notice of this

Removal to the Plaintiff and to the Clerk of Court for the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana.

XXVII.

No previous application has been made for the relief requested herein.

XXVIII.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**JURY DEMAND**

XXIX.

Defendants are entitled to and request a trial by jury on all issues herein.

**WHEREFORE**, Defendants, Mackenieze Reagan, Freight Hawgz Transport, LLC, and Trisura Specialty Insurance Company, pray that the action entitled, "*Donald W. Jordan versus Trisura Specialty Insurance Company; Freight Hawgz Transport LLC; State Farm Mutual Automobile Insurance Company; and Mackenieze D. Reagan*, "bearing Docket Number 1047307, Division C, and pending in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, be removed from the state court docket to the United State District Court for the Middle District of Louisiana.

**SIGNATURE AND CERTIFICATE OF SERVICE ON NEXT PAGE**

*PERRIER & LACOSTE, LLC*

*s/ Patrick R. Schmidt*
_____
**GUY D. PERRIER, #20323**
**PATRICK R. SCHMIDT, #37861**
365 Canal Street, Suite 2550
New Orleans, Louisiana 70130
Tel: (504) 212-8820;
Fax: (504) 212-8825
gperrier@perrierlacoste.com
pschmidt@perrierlacoste.com
**ATTORNEYS FOR DEFENDANTS,**
**Mackenieze D. Reagan, Freight Hawgz**
**Transport, LLC and Trisura Specialty**
**Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by electronic mail, by hand delivery or by facsimile transmission, this 23rd day of May, 2022, at their last known address of record.

*s/ Patrick R. Schmidt*
_____
**PATRICK R. SCHMIDT**